# State of New York
# Court of Appeals

MEMORANDUM

This memorandum is uncorrected and subject to revision before publication in the New York Reports.

No. 32
In the Matter of Wayne Seon,
   Respondent,
  v.
New York State Department of
Motor Vehicles, et al.,
   Appellants.

Linda Fang, for appellants.
Vanessa M. Corchia, for respondent.

MEMORANDUM:

The judgment of the Appellate Division should be reversed, with costs, the petition denied, and the determination of the New York State Department of Motor Vehicles reinstated.

In November 2014, a New York City Transit bus driven by petitioner struck the victim, an 88-year-old pedestrian. At the time of the accident, the victim was in a marked crosswalk with the right of way, and petitioner was making a right turn. The bus ran "over [the victim's] legs . . . with the front passenger's side tire," pinning him under the bus. The victim was transported to the hospital, where he died less than four weeks later.

A summons was issued to petitioner alleging that he caused serious physical injury to a pedestrian while failing to exercise due care (see VTL § 1146 [c]). The Administrative Law Judge found that the charge was established by clear and convincing evidence. The DMV's Traffic Violations Bureau Appeal Board affirmed, and petitioner's license was suspended for six months (see VTL § 510 [2] [b] [xiv]). Petitioner commenced this CPLR article 78 proceeding challenging the DMV's determination. A divided Appellate Division granted the petition, annulled and vacated the agency determination, and reinstated petitioner's license (159 AD3d 607 [1st Dept 2018]). The DMV respondents appealed. We now reverse.

The evidence at the administrative hearing included an investigative report from the accident-reconstruction specialist who investigated the incident, a report from a police officer who responded to the scene, and a statement provided by petitioner after the accident. The accident-reconstruction specialist also testified at the hearing, reiterating his report's conclusion concerning the victim's injuries. On this record, the agency's determination – that clear and convincing evidence demonstrated that petitioner caused serious physical injury while failing to exercise due care in violation of VTL § 1146 (c) –

is supported by substantial evidence (see Matter of McKenzie v Fisher, 39 NY2d 103, 103-105 [1976]; see also 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 182 [1978]; Siegel, NY Prac § 560 at 1075 [6th ed 2018]).

Petitioner's remaining arguments are either unpreserved or without merit.

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

Judgment reversed, with costs, petition denied and determination of the New York State Department of Motor Vehicles reinstated, in a memorandum. Chief Judge DiFiore and Judges Rivera, Stein, Fahey, Garcia, Wilson and Feinman concur.

Decided June 25, 2020

.